UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THEODORE PORTER,

                              Plaintiff,

v.                                                                  8:06-CV-1150
                                                                                 (GHL)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

OFFICE OF MARK A. SCHNEIDER             MARK A. SCHNEIDER, ESQ.
Counsel for Plaintiff
57 Court Street
Plattsburgh, New York 12901

HON. ANDREW T. BAXTER                       VERNON NORWOOD, ESQ.
United States Attorney for the                     Special Assistant U.S. Attorney
     Northern District of New York
Counsel for Defendant                                       BARBARA L. SPIVAK, ESQ.
P.O. Box 7198                                                      Regional Chief Counsel, S.S.A.
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## MEMORANDUM- DECISION & ORDER[1]

      Presently before the Court is a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's counsel, Mark A. Schneider, Esq. ("Counsel"). Dkt. No. 22. Counsel originally filed the motion on April 6, 2009. Dkt. No. 19. However, the Court was unable to consider the motion at that time because Counsel failed to file a supporting memorandum of law; his affidavit improperly contained legal argument; and several exhibits were missing. *See* Dkt. No. 21.

---

     [1] This matter is before the Court by consent of both parties. Dkt. No. 13.

Counsel was ordered to correct these deficiencies. Dkt. No. 21. Defense counsel was ordered to submit a letter indicating no opposition if Defendant had no intention of opposing the motion. *Id.*

On April 28, 2009, Counsel re-filed the motion. Dkt. No. 22. He included a memorandum of law, a revised affidavit, and additional exhibits. *Id.* On May 6, 2009, defense counsel submitted a letter indicating no opposition. Dkt. No. 25. For the reasons set forth below, the motion is granted, but modified by the following discussion.

## I.  Background

Following a decision by the Commissioner of Social Security to deny Plaintiff disability benefits, Plaintiff retained Counsel to represent him on or about September 18, 2006. Dkt. No. 22-6 at ¶1. On September 25, 2006, Counsel filed a civil action on Plaintiff's behalf against Defendant, the Commissioner of Social Security, seeking review under 42 U.S.C. § 405(g). Dkt. No. 1. On September 17, 2007, the Court remanded the matter to the Defendant. Dkt. No. 15.

On October 9, 2007, the Court approved a stipulation that awarded Counsel $4,758.00 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 18.

On December 25, 2007, Plaintiff and Counsel entered into a fee agreement ("First Fee Agreement"). Dkt. No. 22-2, Ex. A. This agreement provided that if Plaintiff's claim was favorably decided by the Social Security Administration ("SSA"), Plaintiff would pay Counsel a fee equal to 25% of the past-due benefits resulting from the claim or $5,300.00, whichever was the lesser amount. *Id.* at 1.

On June 25, 2008, an ALJ determined that Plaintiff was disabled. Dkt. No. 22-2, Ex. B. The ALJ did not approve the First Fee Agreement because Plaintiff was previously represented by

another attorney, Christine DiMuzio Sorochen, who did not waive her fee. Dkt. No. 22-2, Ex. C at p. 1. The ALJ advised Counsel that he could ask for review of the disapproval of the fee agreement, or he must file a fee petition if he wanted to charge and collect a fee. *Id.* at pp. 1-2.

On July 23, 2008, Plaintiff was awarded past-due benefits. Dkt. No. 22-3, Ex. D. Plaintiff received a total retroactive award of $108,866.40. *Id.* Plaintiff himself received $81,649.80. *Id*. at p. 2. The remaining $27,216.60 was withheld for attorneys' fees. *Id.* at p. 3.

On July 24, 2008, Plaintiff and Counsel entered into a second fee agreement ("Second Fee Agreement"). Dkt. No. 22-4, Ex. H. The agreement states that if Plaintiff's claim is favorably decided by the SSA, Plaintiff would pay Counsel a fee equal to 25% of the past-due benefits resulting from Plaintiff's claim or $18,000, whichever is the lesser amount. *Id.* This agreement states that it "supercedes and replaces any previous fee agreement that was not approved by ODAR[2] or the SSA." *Id.*

On July 31, 2008, Counsel filed a fee petition with the ALJ in which he requested a fee of $18,000 "for [the] work [he performed] at the administrative level." Dkt. No. 22-3, Ex. G at p. 1. On March 27, 2009, Counsel was awarded $6,206.89 for the services he provided at the administrative level. Dkt. No. 22-4, Ex. I at p. 1. Counsel was awarded no fee for services that he performed "before a state or federal court, any time claimed for services relating to charging and collecting a legal fee and any vague miscellaneous services." *Id.* at p. 2.

Counsel then filed the present motion under 42 U.S.C. § 406(b), seeking the remaining

---

[2] The Court presumes that this acronym, "ODAR", refers to the Office of Disability Adjudication and Review.

3

$11,793.11 that was denied by the agency.[3]  Dkt. No. 22-6, at p. 3.  As noted, Defendant does not oppose the motion.  Dkt. No. 25.

**II.     Discussion**

   **A.     42 U.S.C. § 406(b)**

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits."  42 U.S.C. § 406(b).  Thus, "even if the fee is within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Smoke v. Barnhart*, No. 1:02-CV-0764, 2008 WL 2705368, at *1 (N.D.N.Y. July 2, 2008) (Hurd, J.) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002); *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) ("*Wells II*")).

In determining whether a fee is reasonable, the district court must give due deference to the intent of the parties, "but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells II*, 907 F.2d at 372.  The court should determine whether the contingency percentage is within the 25% cap, whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney.  *Id.* (citations omitted).  If an unreasonable fee would result, "the court may reduce the fee provided it states the reasons for and the amounts of the deductions."  *Id.*

Here, regarding whether the contingency percentage is within the 25% cap, Counsel requests

---

[3] In the interim, on August 28, 2008, Plaintiff's previous attorney, Ms. Sorochen, filed a fee petition, seeking compensation for the services she provided at the agency level.  Dkt. No. 22-3, Ex. E.  She was awarded the full requested amount of $4,763.75.  *Id.*

that the Court award him $11,793.11 for the work he performed in federal court. As noted, he was previously awarded $6,206.89 for the work he performed at the agency level. Dkt. No. 22-4, Ex. I. Thus, if Counsel is awarded the full requested amount, he will be paid a total of $18,000 from Plaintiff's past-due benefits. This amount is within the 25% limit of $27,216.60.

Regarding whether there has been fraud or overreaching, the Court sees no evidence of fraud or overreaching. Indeed, Plaintiff stated in his affidavit that he "would like" Counsel to receive the requested fee and that Counsel "did a very good job representing me in this Court and in the hearing with the Social Security Judge. I could not have won without his representation." Dkt. No. 22-4, Ex. J at ¶¶ 9-10.

Regarding whether the requested amount is so large as to be a windfall, "[t]here is no clear set of criteria for determining when an award would result in a windfall, but courts in this circuit have identified several relevant considerations," which include:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Rowell v. Astrue*, No. 05-CV-1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008) (citations omitted).

Here, Counsel efficiently represented Plaintiff on appeal in federal court. While pursuing the appeal, he filed a lengthy brief in which he discussed the material facts and applicable law. Dkt. No. 7, 10. He also later sent a letter to the Court in which he brought to the Court's attention "an additional relevant case" regarding credibility. Dkt. No. 11. Counsel also efficiently represented

5

Plaintiff at the agency level.  Indeed, Plaintiff was ultimately found to be disabled and awarded past-due benefits.  These factors weigh in favor of finding that there would be no windfall if Counsel were awarded the full requested amount.

However, Counsel claims that he worked a total of 9 hours preparing the present motion. Dkt. No. 22-6, at pp. 2-3, ¶17 (work performed in 2009).  "'Time spent preparing an application for approval of an attorney fee award solely based on section 406(b) is not compensable.'"[4]  Therefore, the Court finds that it would be unreasonable to compensate Counsel for the time he spent preparing the present motion.  Accordingly, the Court excludes 9 hours from the amount of time for which Counsel will be compensated.

With these hours excluded, Counsel's time spent litigating this case in federal court totals 31 hours.  In his motion, Counsel takes the position that $11,793.11 would be adequate compensation for 40 hours of his time; such an award would constitute an hourly rate of $294.83.  Therefore, the Court will approve an award at that hourly rate for the amount of compensable time Counsel spent litigating this case in federal court, which is 31 hours.  *See George*, 2009 WL 197054 at *2 (using

---

[4] *George v. Astrue*, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) (quoting *Knagge v. Sullivan*, 735 F.Supp. 411, 415 (M.D.Fla. 1990)) (citing *Whitt v. Califano*, 601 F.2d 160, 161 n. 2 (4th Cir. 1979) and *Coup v. Heckler*, 834 F.2d 313, 325 (3d Cir. 1987) (finding no basis for charging plaintiff for the time his attorney spent applying for fees under predecessor to § 406) *abrogated on other grounds by Gisbrecht*, 535 U.S. at 799; *Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (1st Cir. 1989) ("Neither section 406 nor the fee contract warrant inclusion of the time spent in preparing and litigating the fee application.") *abrogated on other grounds by Gisbrecht*, 535 U.S. at 799)); *see also Borders v. Bowen*, No. CV-86-4159, 1988 WL 14556, at *1 (E.D.N.Y. Feb. 4, 1988) (deducting the hours listed by attorney spent preparing § 406(b) fee petition) (citing *Whitt*, 601 F.2d at 161 n.2) (other citations omitted); *Brook v. Heckler*, No. 83-3179, 1988 WL 21963, at *1 (E.D.Pa. Mar. 2, 1988) (noting that "where the fee petition does not benefit the claimant - - as with a fee petition pursuant to [§ 406(b)], where the claimant's recovery will be reduced by the amount of the award - - the inherent conflict of interest between the claimant and his counsel dictates that time spent in preparing the fee petition is not compensable").

similar formula for reducing fee request). This yields a § 406(b) award of $9,139.73. The Court's use of such a rate here is justified by the deference that must be given to the Second Fee Agreement, which Counsel has cited in his instant motion for an award at an approximate rate of $294.83, albeit under an incorrect assumption as to the number of hours for which he would be compensated.

### B. EAJA Award

As noted, Counsel previously received $4,758.00 pursuant to the EAJA. Counsel states that he "deducted" this amount "from this fee request." Dkt. No. 22-6, at ¶14. It is unclear what Counsel is asserting. In any event, he must refund this amount to Plaintiff.

"Fee awards may be made under both [the EAJA and §406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quotations omitted); *see also Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) ("*Wells I*")).

The Court notes that some district courts in this circuit technically have allowed recovery of fees under both the EAJA and section 406(b) when the fees, taken together, total the maximum fee agreed upon in the fee agreement. *Bushee v. Astrue*, No. 1:05-CV-0928, Dkt. No. 16 (N.D.N.Y. June 17, 2009) (Kahn, J.) (granting motion for fee under §406(b) where the requested fee represented the difference between 25% of the past-due benefits and the previously awarded EAJA fee, and the fee agreement allowed for a maximum award of 25% of the past-due benefits); *Gervais v. Astrue*, No. 06-CV-3735, 2008 WL 5169578 (E.D.N.Y. Dec. 10, 2008) (same). Under those circumstances, the attorney was not required to refund the lesser of the two awards. *Id.*

However, under the present circumstances in this case, if Counsel recovered the total maximum fee permitted under the Second Fee Agreement ($18,000.00) and retained the EAJA award, he would receive *more* than the maximum amount permitted by the fee agreement.

Moreover, this result would be, in essence, a double recovery, which is impermissible. *See Gisbrecht*, 535 U.S. at 796; *Wells I*, 855 F.2d at 42. Accordingly, the Court orders Counsel, upon receipt of the $9,139.73 award made under §406(b), to refund the $4,758.00 award made under the EAJA to Plaintiff, as the lesser of the two fee awards.[5]

### C. Non-Contingent Nature of the Second Fee Agreement

Lastly, the Court takes note of the unusual timing of the fee agreements in this case, particularly the Second Fee Agreement. While the Second Fee Agreement contains language of a contingent nature, this agreement was signed *after* Plaintiff was found to be disabled and awarded past-due benefits. *See* Dkt. No. 22-2, Ex. B (ALJ's Decision Finding Plaintiff Disabled dated June 25, 2008); Dkt. No. 22-3, Ex. D (Award Letter dated July 23, 2008); Dkt. No. 22-4, Ex. H (Second Fee Agreement dated July 24, 2008). Therefore, the agreement is not truly contingent in nature.

In at least one other circuit, fees requested under §406(b) may be properly reduced when the fee agreement pursuant to which the fee is sought is not truly contingent. In *Morrison v. Commissioner of Social Security*, the Court found "of particular significance . . . the fact that the parties did not sign their contingent fee agreement until a year after the termination of court proceedings, and only well after the agency had *already awarded* benefits. At this point, there was no contingency and no risk to plaintiff's counsel." *Morrison v. Commissioner of Soc. Sec.*, No. 1:04-CV-454, 2008 WL 828863, at *3 (W.D.Mich. Mar. 26, 2008) (emphasis in original). The Court held that "the failure to sign a contingency agreement until after the award is final, when there

---

[5] While Plaintiff himself stated in his affidavit that he "would like" Counsel to be paid a total $18,000 "in addition" to the $4,758.00 EAJA award, Dkt. No. 22-4, Ex. J at ¶9, this Court is obligated "to review [contingent fee agreements] as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

is a zero risk of failure, is a sufficient reason to decrease the fee requested in the contingent fee agreement." *Id.* (citing *Damron v. Commissioner of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997)). The Court accordingly reduced the requested fee "because this was not truly a contingency contract." *Id.*

Similarly, in *Damron v. Commissioner of Social Security*, the Sixth Circuit affirmed a district court's reduction of a §406(b) fee where the fee agreement was signed after judgment was entered in favor of the plaintiff. *Damron*, 104 F.3d at 856. The Court noted that the fee agreement "was made at a time when there was no contingency - [the plaintiff] had already won his case and there was no risk of nonpayment." *Id.* at 857. The Court also noted that "the [plaintiff's attorney] had a 100% chance of success at the time he negotiated the fee agreement. There was no contingency." *Id.* The Court held that the district court acted well within its discretion in reducing the requested fee. *Id.*

Accordingly, the Court notes that if future §406(b) motions are brought pursuant to fee agreements that are not truly contingent in nature, the requested fees may be reduced for this reason alone.

### III. Conclusion

Accordingly, it is hereby

**ORDERED**, that Counsel's motion for attorney's fees (Dkt. No. 22) is **GRANTED as modified by the discussion above; an award in the amount of $9,139.73 is to be made payable to Mark A. Schneider, Esq.; upon receipt of this award, Schneider is to refund to the Plaintiff the amount of $4,758.00**; and it is further

**ORDERED**, that in light of the fact that Counsel re-filed this motion (Dkt. No. 22), the

original motion (Dkt. No. 19) is **DENIED as moot.**

    **IT IS SO ORDERED.**

Dated: July 10, 2009
       Syracuse, New York

*George H. Lowe* (signature)
George H. Lowe
United States Magistrate Judge